IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANK C. BROWN, Jr.,**

    **Plaintiff,**

  vs.                                                              Civil Action 2:10-CV-966
                                                                    Judge Watson
                                                                    Magistrate Judge King

**DeCARLO M. BLACKWELL,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, a state prisoner, brings this action on behalf of himself and other inmates, alleging that defendants' interference with and denial of plaintiffs' pursuit of prison grievances violate inmates' constitutional rights.  This matter is now before the Court for the initial screen of the complaint required by 28 U.S.C. §§1915(e), 1915A.

    The *Complaint* specifically alleges that inmates are denied

> the proper education, instructions and access to
> the proper forms and adequate amounts of forms to
> effectively and adequately grieve the conditions of
> their environment and actions of their confiners.

*Complaint*, Doc. 1, at 10.  Plaintiff claims that he and other inmates have thereby been denied their rights under the First Amendment and their rights to due process and equal protective and have been subjected to cruel and unusual punishment in contravention of the Eighth Amendment. Plaintiff also asserts a state law claim of emotional distress.  Named as defendants are Decarlo M. Blackwell, Inspector of Institutional Services at the London Correctional Institution ["LOCI"], Deb Timmerman-Cooper, the Warden at LOCI, Gary Croft, Chief Inspector of the Ohio

Department of Rehabilitation and Correction {"ODRC"], and Ernie Moore, the Director of the ODRC.

It is well-established that the due process clause does not confer upon prison inmates a right to an effective prison grievance procedure. *Walker v. Michigan Dept. Of Corrections*, 128 Fed. Appx. 441, 2005 WL 742743, **3 (6th Cir. April 1, 2005). Moreover, the fact that plaintiff has filed this action indicates that he has not been denied his First Amendment right to petition the government for a redress of grievances or his right of access to the courts. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996). Because plaintiff does not allege that he was subjected to disparate or discriminatory treatment because of his membership in a particular class, while other similarly situated individuals were treated differently, he has not stated a colorable claim of denial of equal protection. *See McClesky v. Kemp*, 481 U.S. 279, 292 (1987). Furthermore, the alleged unavailability of an effective prison grievance procedure simply fails to involve the wanton infliction of pain prohibited by the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294 (1991). Finally, state employees may not be sued on state law claims unless and until the Ohio Court of Claims has determined that the employees are not entitled to immunity under Ohio law, O.R.C. §9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *Grooms v. Marshall*, 142 F.Supp. 2d 927, 932 (S.D. Ohio 2001).

The Court therefore concludes that the *Complaint* fails to state a claim upon which relief can be granted.

It is therefore **RECOMMENDED** that the action be dismissed pursuant to 28 U.S.C. §§1915(e), 1915A.

If any party seeks review by the District Judge of this *Report and*

*Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<u>November 1, 2010</u>               <u>*s/Norah McCann King*</u>
  (Date)                                   Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge