IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRANK C. BROWN, Jr.,

        Plaintiff,

v.

DeCARLO M. BLACKWELL, et al.,

        Defendants.

Case No. 2:10-cv-966

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

This is a prisoner civil rights case. On November 1, 2010, the Magistrate Judge to whom the case was then assigned, Magistrate Judge Norah McCann King, issued a Report and Recommendation recommending that the case be dismissed for failure to state a claim upon which relief can be granted. Plaintiff, Frank C. Brown, Jr., has filed an objection to that recommendation. For the following reasons, the objection will be overruled and this action will be dismissed.

I.

As the Report and Recommendation explains, Mr. Brown, who is a prisoner at the London Correctional Institution, filed this action alleging that prison officials are unconstitutionally interfering with or improperly denying grievances filed by inmates pursuant to the prison grievance system. He claims that he and other prisoners do not receive proper education or instruction about how to use the grievance process, including the grievance forms, to complain about the conditions under which they are confined. This, he asserts, is a violation of the First Amendment to the United States Constitution as well as other constitutional

provisions. He has added claims of tortious conduct under state law to his constitutional claims.

In the Report and Recommendation, the Magistrate Judge explained that there is no constitutional right to a prison grievance procedure. It was further noted that Mr. Brown himself was able to file a complaint with this Court and therefore was not denied access to the courts by any of the defendants. Further, he had not claimed membership in any protected class or asserted that he was being treated unequally because of such class membership, thus undercutting his Equal Protection claim. The Report and Recommendation also concluded that the alleged denial of an effective grievance system did not constitute cruel and unusual punishment, and that there was no basis for the state law tort claims to be asserted against public officials absent some determination by the Ohio Court of Claims that they were not entitled to immunity from such claims under Ohio law. For all of these reasons, dismissal was recommended.

Mr. Brown raises the following issues in his objection. He claims to have been incarcerated at other Ohio prisons where the grievance system functions adequately, and asserts that he is being discriminated against both because he is a member of a class of persons - prisoners at the London Correctional Institution - who are being treated unequally, and that this unequal treatment stems at least in part from the fact that he is an active litigator. He also argues that there must be a constitutional right to an effective grievance system since exhaustion of the system is a prerequisite to litigating issues in both the state and the federal courts, and litigating such issues is a constitutionally protected right. Finally, he asserts that the defendants do not enjoy any state law immunity because he has sued them in their official capacity, to which such immunity does not apply.

**II.**

2

Taking Mr. Brown's arguments in reverse order, his argument that he has sued the defendants only in their official capacity is fatal to any damage claim he may be making, whether that claim arises under state or federal law. The Supreme Court held in Kentucky v. Graham, 473 U.S. 159 (1995), that a suit against state officials in their official capacity is the equivalent to a suit against the state itself. Such suits are, of course, barred by the Eleventh Amendment unless there is some exception which applies, and, in addition, such suits cannot be maintained under 42 U.S.C. §1983 because a state is not a "person" within the meaning of that statute. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). Thus, by attempting to avoid the bar of state law immunity for the state law claims, Mr. Brown has simply recast them in a way that subjects them to Eleventh Amendment immunity.

Assuming, however, that Mr. Brown actually means to sue the defendants in their official capacities for injunctive relief, and in their individual capacities for damages other than damages being sought under state law, his complaint is still subject to dismissal. To the extent that he is asserting any type of claim based on denial of access to the courts, he has not identified any instance in which his ability to file or pursue any litigated matter has actually been impeded. The absence of such allegations is fatal to any First Amendment claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 355 (1996).

Further, there is no legal substance to Mr. Brown's claim that the absence of a smoothly-functioning grievance system creates a "Catch-22" situation where inmates may litigate only if they exhaust their grievances, but the prison's refusal to operate the grievance system properly prevents inmates from meeting this prerequisite to litigation. The law does no more than require a prisoner seeking redress in court to do everything within the prisoner's power to exhaust

3

internal prison remedies. Once he or she has done so, the exhaustion requirement is satisfied even if the prison fails to perform its part in bringing the process to completion. The exhaustion provision of the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The use of the phrase "as are available" implies that if the prison has taken action to make its administrative remedies unavailable, the prisoner has no obligation to pursue them. In other words, as this Court has held, a prisoner need not use prison remedies which are not "'reasonably available.'" Williams v. Hurley, 2007 WL 1202723, *3 (S.D. Ohio April 23, 2007)(Watson, J.), quoting Pack v. Martin, 174 Fed. Appx. 256, 262 (6th Cir. March 27, 2006); see also Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010))("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust"). If Mr. Brown's allegations are true, they might excuse a prisoner's failure to follow the grievance process to its final conclusion (assuming that the institution, and not the prisoner, caused the process to short-circuit) and allow the prisoner to litigate the issue without a final decision from the institution.

This does not mean, of course, that the Court is holding either that Mr. Brown's assertions concerning the inadequacy of the grievance system at the London Correctional Institution are true or that he or any other inmate at that institution may now file lawsuits without attempting to exhaust their administrative remedies. The law is also clear that, in order to satisfy the exhaustion requirement of the PLRA, an inmate must do what he or she is required to do

4

under the grievance system and may not rely on general allegations of futility. It will be a factual issue in any case where exhaustion did not occur as to the reasons for that failure. See, e.g., Carter v. Newland, 441 F.Supp. 2d 208 (D. Mass. 2006). If the inmate who has not exhausted is unable to show, as a matter of fact, that it was the prison which thwarted the inmate's good faith efforts to exhaust available prison remedies, the Court will be required to dismiss the case under §1997e(a). See, e.g., Singh v. Goord, 520 F.Supp. 2d 487 (S.D.N.Y. 2007). However, there is nothing in any of these cases which supports Mr. Brown's claim that because of the relationship between a prison grievance system and the prerequisites to bringing suit established in the PLRA or similar statutes, a prison's failure either to have a grievance system at all, or to have one which functions as intended, is a separate First Amendment violation.

Little needs to be said about Mr. Brown's purported Equal Protection claim. He has not alleged either that he is a member of a suspect class - certainly, prisoners confined to a particular correctional institution are not the type of "discrete and insular" minorities that the Equal Protection clause was designed to protect, cf. Browder v. Tipton, 630 F.2d 1149 (6th Cir. 1980) - and, as discussed above, he cannot claim to have been deprived of any fundamental right by the defendants' alleged conduct. No viable equal protection claim exists on the facts which he has alleged.

### III.

For all of the reasons stated in this Opinion and Order, the Court agrees with the conclusion reached by Magistrate Judge King that this complaint is subject to dismissal under 28 U.S.C. §§1915(e)(2) and 1915A for failure to state a claim upon which relief can be granted. The Report and Recommendation (#4) is therefore **ADOPTED AND AFFIRMED** and the

plaintiff's objection to that Report and Recommendation (#7) is **OVERRULED**. This case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. The Clerk is directed to mail a copy of the complaint, the Report and Recommendation, and this Opinion and Order to the defendants.

**IT IS SO ORDERED.**

1-6-2011
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE